CHARLES E. FORSYTHE and Another, Copartners Doing Business under the Firm Name and Style of FORSYTHE BROTHERS, Plaintiffs, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.

Supreme Court, New York County, October 9, 1927.

**Principal and surety — action against surety for payment for merchandise — partial defense of failure to deliver and damages may be pleaded by surety — partial judgment for difference awarded plaintiff.**

A surety who is sued on his contract of guaranty of faithful performance of a contract for the sale and delivery of merchandise may interpose as a partial defense that the plaintiff did not deliver the merchandise to the defendant's principal as called for by the contract, and may also set up a claim for damages arising out of a breach of the contract.

However, since the defense involves merely a specified credit claim by the surety, a partial judgment is awarded to the plaintiff for the difference between the claim of the plaintiff and the amount set forth in the defendant's partial defense.

MOTION by the plaintiffs for summary judgment.

*George W. Tucker*, for the plaintiffs.

*William J. McArthur*, for the defendant.

FRANKENTHALER, J.   This is a motion for summary judgment against a surety company in an action on a bond whereby the surety guaranteed the faithful performance of a contract.   The transaction between the plaintiff and the principal involved the sale and delivery of certain merchandise, and the principal having failed to pay for the same it is sought to hold the surety liable.

City Court of New York, October, 1927.                    [Vol. 130

The answer contains a separate partial defense which pleads a failure to deliver to the principal some of the material under the contract and sets up a claim for damage in the sum of $2,546.51 as a credit against the amount due under the bond. In support of their motion plaintiffs urge that a separate defense of this nature is available only to the principal and not to the surety, citing cases in which defenses of fraud and breach of warranty have been held unavailing to a surety sued separately. But the instant defense involves a plea of failure of part of the consideration and challenges plaintiff's right to recover in full on the ground of non-performance of all the obligations of the contract toward the principal. It cannot, therefore, be stricken out. On the other hand, the action is to recover $3,850 and the defendant's partial defense involves a maximum credit of $2,546.51. There is no reason why plaintiffs should not have partial judgment for the difference and why the action should not be severed as to the claim of $2,546.51. Motion is granted to the extent indicated.